**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ARTHUR E. LANDRY, individually and on behalf of all other persons similarly situated, :<br>:<br>Plaintiff, :<br>:<br>-against- :<br>:<br>PETER PAN BUS LINES, INC., :<br>:<br>Defendant : | C.A. No. _____<br><br><br><br><br>**CLASS ACTION COMPLAINT** |

## NATURE OF THE ACTION

1.  Plaintiff Arthur E. Landry ("Plaintiff"), through his attorneys, alleges on behalf of himself and other similarly situated current and former employees of Peter Pan Bus Lines, Inc. ("Defendant") who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2.  Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of Defendant, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendant for overtime work for which they did not receive overtime premium pay as required by applicable state laws.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff Arthur E. Landry was, at all relevant times, an adult individual, residing in Billerica, Middlesex County, Massachusetts.

7. Defendant Peter Pan Bus Lines, Inc., was, at all relevant times, a Massachusetts corporation, with its corporate headquarters located at 1176 Main Street, Springfield, Massachusetts.

## FACTUAL ALLEGATIONS

8. At all relevant times, Defendant provided bus and coach services throughout the Northeastern United States.  According to its website, Defendant is the largest independent regular route bus company in the United States, serving more than 100 communities, and operating more than 300 buses.  Presently, approximately 75 percent of Defendant's revenues are generated by its regular route business; the remainder of Defendant's revenues are generated by its charter and tour business.

9. Beginning in 1999, Plaintiff was employed by Coach USA, Inc. as a van driver and later as a bus dispatcher.  In or about June of 2003, Defendant acquired Coach USA, Inc. Since the acquisition, until on or about February 19, 2009, Plaintiff was employed by Defendant as a bus dispatcher.

10. Plaintiff's work as a bus dispatcher was performed in the normal course of Defendant's business and was integrated into Defendant's business.

11. The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

12. Plaintiff was paid by both Coach USA, Inc. and Defendant on an hourly basis until approximately December 2005. From approximately January 2006, until the termination of his employment by Defendant, Plaintiff was paid a salary. Immediately prior to the termination of his employment by Defendant, Plaintiff's salary was $890.00 per week.

13. Plaintiff consistently worked well in excess of 40 hours a week, yet Defendant willfully failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA and other applicable laws.

14. Upon information and belief, from well before that time period until today, Defendant has likewise employed other individuals like Plaintiff in positions that required little skill and no capital investment and whose duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and are not responsible for making hiring and firing recommendations.

15. Like Plaintiff, such individuals have likewise worked in excess of forty hours a week yet Defendant has willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA and other applicable laws. The exact number of such individuals is presently unknown, but within the sole knowledge of Defendant and can be ascertained through appropriate discovery.

16. During the course of Plaintiff's own employment, and while Defendant employed Plaintiff and others like Plaintiff, Defendant failed to maintain accurate and sufficient time records.

17. Throughout all relevant time periods, upon information and belief, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## **COLLECTIVE ACTION ALLEGATIONS**

18. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant in the United States and who were not paid overtime compensation at a rate of one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are hundreds of Collective Action Members, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

20. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

21. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

22. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a) whether Defendant employed the Collective Action Members within the meaning of the FLSA;

b) what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c) whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff and other Collective Action Members were employed, in violation of C.F.R. § 516.4;

d) whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e) whether Defendant's violations of the FLSA were willful as that term is used within the context of the FLSA;

  f) whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

  g) whether Defendant should be enjoined from such violations of the FLSA in the future.

23. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

24. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

25. Plaintiff brings his claims on behalf of all persons who were employed by Defendant, who were non-exempt employees within the meaning of the FLSA, and have not been paid overtime wages in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a). (the "'Class").

26. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are hundreds of members of the Class during the Class Period.

27. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

28. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

29. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

30. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

31. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether Defendant was unjustly enriched as a result of its conduct alleged herein;

   b. whether Defendant unlawfully converted the property of Plaintiff and other members of the Class;

   c. whether Plaintiff and other members of the Class are entitled to compensation from Defendant pursuant to principles of *quantum meruit*;

   d. whether Defendant is liable for all injuries claimed hereunder, including but not limited to compensatory, punitive and statutory damages, equitable monetary relief, interest, costs and disbursements and attorneys' fees; and

   e. whether Defendant should be enjoined from engaging in such violations of law and equity in the future.

## FIRST CAUSE OF ACTION:
## FAIR LABOR STANDARDS ACT

32. Plaintiff repeats and restates the allegations set forth above as if fully stated herein.

33. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

35. Upon information and belief, at all relevant times, Defendant has had annual gross revenues in excess of $500,000.

36. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 2l6(b).

37. At all relevant times, Defendant had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

38. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. As a result of Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, Defendant has failed to make,

keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

41. Due to Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, is entitled to recover from Defendant, unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION:**
**UNJUST ENRICHMENT**

42. Plaintiff repeats and restates the allegations set forth above as if fully stated herein.

43. As a result of Defendant's conduct in failing to pay Plaintiff and other members of the Class overtime wages, Defendant has forced Plaintiff and Class members to bear the normal costs and incidents of Defendant's business and has thus unjustly enriched itself to the detriment of Plaintiff and Class Members in violation of the common law of Massachusetts.

**THIRD CAUSE OF ACTION:**
**CONVERSION**

44. Plaintiff repeats and restates the allegations set forth above as if fully stated herein.

45. By such conduct in forcing Plaintiff and other members of the Class to bear costs incident to Defendant's business operations, Defendant also converted the property of Plaintiff

and other members of the Class to Defendant' own use in violation of the common law of Massachusetts.

46.     As a proximate result of Defendant's conduct set forth herein, Plaintiff and other Class members have been injured in amounts to be determined at trial

### FOURTH CAUSE OF ACTION: QUANTUM MERUIT

47.     Plaintiff repeats and restates the allegations set forth above as if fully stated herein.

48.     Plaintiff and other members of the Class have been deprived by Defendant of the fair value of their services and are thus entitled to recovery in *quantum meruit* pursuant to the common law of Massachusetts.

### FIFTH CAUSE OF ACTION: INJUNCTIVE RELIEF

49.     Plaintiff repeats and restates the allegations set forth above as if fully stated herein.

50.     As Defendant has at all times continued its conduct in failing to pay overtime compensation to Plaintiff and other members of the Class, Plaintiff and other members of the Class seek permanent injunctive relief enjoining Defendant from practicing the unlawful practices alleged herein.

## SIXTH CAUSE OF ACTION:
## NON-PAYMENT OF WAGES
## <u>VIOLATION OF G.L. c. 149 §§ 148, 150[1]</u>

51.     Plaintiff repeats and restates the allegations set forth above as if fully stated herein.

52.     The actions of the Defendant, including but not limited to, its failure to compensate Plaintiff at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, violated M.G.L.c. 149, §148.

53.     As a proximate result of Defendant's conduct set forth herein, Plaintiff and other Class members have been injured in amounts to be determined at trial

WHEREFORE, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

---

[1] On or about May 20, 2009, Plaintiff received written authorization from the Office of Attorney General to proceed with a private suit against Defendant pursuant to Massachusetts Wage and Hour Laws, M.G.L. c. 149, §150 and M.G.L. c. 151, §§ 1B and 20.

11

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid overtime compensation due under the FLSA;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of damages as a result of Defendant's failure to pay overtime compensation pursuant to M.G.L.c. 149, §148;

h. An award of prejudgment and post judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

Case 1:09-cv-11012-RWZ   Document 1   Filed 06/12/2009   Page 12 of 13

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

                                Respectfully submitted,
                                Arthur E. Landry,
                                By his attorneys,

                                /s/ Alexander Furey
                                Alexander Furey (BBO # 634157)
                                **FUREY & ASSOCIATES, LLC**
                                60 State Street, 7th Floor
                                Boston, MA 02109
                                Tel:  (617) 573-5114
                                alex@afureylaw.com

                                /s/ Patrick J. Sheehan
                                Patrick J. Sheehan (BBO # 639320)
                                **WHATLEY DRAKE & KALLAS, LLC**
                                60 State Street, 7th Floor
                                Boston, MA 02109
                                Tel:  (617) 573-5118
                                psheehan@wdklaw.com

Dated:  June 12, 2009