UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | | |
|---|---|---|
| ARTHUR E. LANDRY, individually and on behalf of all other persons similarly situated, | ) ) ) ) | CIVIL NO. 1:09-CV-11012-RWZ |
| PLAINTIFFS, | ) ) | |
| v. | ) ) | |
| PETER PAN BUS LINES, INC., | ) ) | |
| DEFENDANTS. | ) | Date: August 6, 2009 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION TO STRIKE OR DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT REGARDING CERTAIN ALLEGATIONS IN THE PLAINTIFF'S COMPLAINT**

**I.      INTRODUCTION[1]**

As discussed more fully below, Peter Pan Bus Lines, Inc. (Defendant or Peter Pan) brings this Motion to Strike or Dismiss portions of Plaintiff's Complaint ("Complaint") pursuant to the Federal Rules of Procedure 12(b)(1), 12(b)(6), 12(f), 23(c)(1)(A) and 23(d)(1). Alternatively, the Court should order Plaintiff to provide a more definite statement regarding Plaintiff's vague and ambiguous class definitions and class allegations pursuant to Rule 12(e).

**II.     ALLEGATIONS**

Plaintiff filed a Complaint alleging individual and class claims against Peter Pan for failure to maintain payroll records and failure to pay overtime to non-exempt employees for all hours worked in excess of forty per week under the Fair Labor Standards Act (FLSA), 29 USC

---

[1] For purposes of this Motion only, the Plaintiff only seeks to Dismiss or Strike the Collective and Class Allegations in the Complaint, which the Plaintiff brought pursuant to 29 USC Section 216(b) and Rule 23, and the Plaintiff's Individual Claim for Injunctive and Declaratory Relief.

§201, et. seq., and Massachusetts wage and hour laws, M.G.L. c. 149, §§148, 150[2]. Compl. at Counts 1-6. Plaintiff also brings Massachusetts-based claims for unjust enrichment, conversion, quantum meruit, and injunctive relief on behalf of himself and purported class members. Compl. at Counts 2-5. He seeks to prosecute his FLSA claims as a collective action pursuant to 29 USC §216(b) and to prosecute his Massachusetts-based claims as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3.) Compl. at Counts 1-6.

As to his individual claims, Plaintiff alleges that he worked as a dispatcher for Peter Pan from on or about June of 2003 through February 19, 2009. Compl. at ¶¶ 9-10. He alleges that from on or about 2005 or January of 2006 he was paid a salary for his job but that he was not paid overtime as required by the FLSA even though he was a non-exempt employee for purposes of the statute. Compl. at ¶¶ 11-13.

As to the collective and class action allegations, without averring any factual basis for his claimed "information and belief", the Plaintiff makes the bald assertion that Peter Pan employed other unspecified individuals throughout the United States that were also non-exempt employees and that Peter Pan failed to pay these unspecified individuals overtime pursuant to the FLSA for all hours worked in excess of forty per week. Compl., ¶¶ 14-15. Without averring any factual allegations, the Complaint makes an additional bald assertion that Peter Pan has a "policy and practice" of refusing to pay overtime compensation. Compl. at ¶37. Plaintiff defines the purported "similarly situated" class for purposes of the FLSA collection action as "all persons who are or were formerly employed by Defendant in the United States and who were not paid overtime compensation at a rate of one-half times the regular rate of pay for hours worked in

---

[2] It is not clear from Plaintiff's Complaint whether he alleges a violation of M.G.L. c.151 §1B and §20. See *Complaint,* Sixth Cause of Action and p. 11 and p. 11, n. 1 (indicating he received a right to sue letter from the Commonwealth of Massachusetts' Attorney General's Office in this regard). To the extent the Plaintiff also intends to raise a violation of M.G.L. c. 151, §§ 1B and 20 the arguments set forth in the Peter Pan's Motion and this brief are equally applicable.

excess of forty per workweek"³ Compl., ¶18. He defines the Rule 23 class as "all persons who were employed by Defendant, who were non-exempt employees within the meaning of the FLSA, and have not been paid overtime wages in violation of the FLSA". Compl., at ¶ 25. The Plaintiff seeks monetary damages and declaratory and injunctive relief on behalf of himself and punitive class members for Peter Pan's alleged failure to pay overtime for hours worked in excess of 40 in each workweek to both him and the collective and class members. In addition to possibly other dispatchers working in the same location as the Plaintiff, the class definitions provided by the Plaintiff include all employees employed at Peter Pan facilities throughout the United States for an undisclosed period of time who were not paid overtime under the FLSA regardless of their job, the timeframe in which they worked for Peter Pan and/or the location where they worked. Although the Plaintiff alleges that Peter Pan willfully misclassified him as exempt as the reason for Peter Pan's alleged failure to pay him overtime, is not clear from the face of the Compliant whether it is an alleged practice of willfully misclassifying exempt employees as non-exempt throughout the United States or some other unidentified practice that Peter Pan purportedly did not follow which resulted in the non-payment of overtime wages to the FLSA and Rule 23 classes.

## III. LEGAL STANDARDS

### A. Motion to Strike

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

---

³ The Complaint is ambiguous as to the time period the Plaintiffs seek recovery. To the extent that the Plaintiff asserts a willful violations theory, such FLSA claims, Massachusetts statutory claims and Massachusetts conversation claim are barred by a three year statute of limitations. *William v. DT, Mgmt.*, 2004 Mass. Super. LEXIS 141 47 (Mass. Super., 2004). Id. at *39 and *45 Claims for quantum meruit and unjust enrichment, are contractual in nature and would be barred by a 6 year statute of limitations if they withstand legal scrutiny. Conversion is a tort with a 3 year statute of limitations.

3

Motions to strike are granted "when it is beyond cavil that the [party] could not prevail on them." *United States SEC v. Nothern,* 400 F. Supp. 2d 362, 367 (D. Mass. 2005), citing, *Honeywell Consumer Prods., Inc. v. Windmere Corp.,* 993 F. Supp. 22, 24 (D. Mass. 1998). A party may prevail on a Rule 12(f) motion where "it clearly appears that the [moving party] would succeed despite any state of facts which could be proved in support of [the non-movant's claims]." *FDIC v. Gladstone,* 44 F. Supp. 2d 81, 85 (D. Mass. 1999)(citation omitted).

Although it is true that motions to strike are not favored by the courts, "[t]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1993). Where prejudice is shown to the moving party or the claims would fail as a matter of law, motions to strike are often granted. See e.g., *United States SEC v. Nothern,* 400 F. Supp. 2d at 367 (D. Mass. 2005) (striking estoppel defense where defense was inapplicable based on facts averred in pleadings even though prejudice not clear).

Numerous courts have held that class allegations may be stricken at the pleading stage. See, e.g., *Kamm v. Sugasawara*, 509 F.2d 205, 212 (9th Cir. 1975) (district court properly granted motion to dismiss and strike class allegations under Rule 23(d)(4)); *Miller v. Motorola, Inc.* 76 FRD 516 (N.D. Ill. 1977); *Palmer v. Combined Ins. Co. of Am.*, No. 02 C 1764, 2003 U.S. Dist. LEXIS 2534, at *5 (N.D. Ill. Aug. 29, 2003) ("[I]t is sometimes possible to determine from the pleadings alone [the Rule 23] requirements cannot possibly be met, and in such cases, striking class allegations before commencing discovery is appropriate."); see also, *Southwest v. Falson*, 457 U.S. 160, 177 (1982) ("sometimes issues are plain enough on the pleadings"), *Gen. Tel. Co. of SW v. Falcon*, 457 US 147, 160 (1982) (a court may strike or dismiss Rule 23 claims

if "the issues are plain enough from the pleadings to determine whether the interest of the absent parties are fairly encompassed within the named plaintiff's claims" or that a plaintiff cannot satisfy Rule 23 of the Federal Rules of Civil Procedure), *Bennet v. Nucor Corp.*, 2005 WL 1773948, at *2 (E.D. Ark. July 6, 2005) (striking class claims without discovery; the plaintiff must make "a prima facie showing that the class action requirements are satisfied or that discovery is likely" to substantiate the class allegations). Fed. R. Civ. P. 23(c)(1) further makes clear that "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action". And, Fed.R.Civ.P., Rule 23(d)(1) provides that "the court may make appropriate orders . . . requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and that the action proceed accordingly."

B.     **Motion to Dismiss**

In considering a motion to dismiss, the court "take[s] as true all well-pleaded allegations and draw[s] all reasonable inferences in the plaintiff's favor." *Ezra Charitable Trust v. Tyco Int'l, Ltd.,* 466 F.3d 1, 5-6 (1st Cir. 2006). The claimant, however, "must allege 'a plausible entitlement to relief.'" *Rodriguez-Ortiz v. Margo Caribe, Inc.,* 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct 1955, 1967, 167 L. Ed. 2d 929 (2007)). The court need not accept a claimant's assertion that a factual allegation satisfies an element of a claim, "nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion." See *Cordero-Hernandez v. Hernandez-Ballesteros*, 449 F.3d 240, 244 n.3 (1st Cir. 2006). In a motion to dismiss, the Court must identify and reject legal conclusions unsupported by factual allegations because such conclusions are "not entitled to the assumption of truth". *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950, 2009 U.S.

LEXIS 3472, *31 (2009). Well pleaded fact that "do not permit the court to infer more than a *mere possibility* of misconduct" are insufficient to show that the plaintiff is entitled to some relief. [emphasis added] *Id.*

### C. Motion for More Definite Statement

Under Federal Rule of Civil Procedure 12(e), the Court has broad discretion to order the plaintiff to provide a more definite statement where the complaint is "so vague or ambiguous" that the defendants cannot reasonably be required to frame a responsive pleading. Fed. R. Civ. P. 12(e). Trial courts have broad discretion to require amendment of the complaint to provide additional detail. *Warth v. Seldin*, 422 U.S. 490, 501-502 (1975). "A plaintiff, however, cannot rely solely on "subjective characterizations or conclusory descriptions." *Wheelock v. Rhode Island*, 2006 U.S. Dist. LEXIS 85433 (D.R.I. Nov. 21, 2006) (citation omitted). An order for a more definite statement serves the Court's and the parties' interests because, "[u]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) (finding trial court should have instructed plaintiff's counsel to provide more definite statement).

### IV. ARGUMENT

#### A. Plaintiff Lacks Prudential Standing to Assert Claims for Declaratory and Injunctive Relief and to Assert Claims at Other Peter Pan Facilities Where He Has Never Worked or in Jobs for Which He Was Never Employed.

It is well-established that a Plaintiff must meet constitutional standing requirements in order to bring suit on behalf of a class of individuals he or she alleges is similarly situated. In a class action lawsuit, as in any lawsuit, Article III standing is a "threshold requirement," and the

6

representative plaintiff must demonstrate personal injury in fact to certify a class. *In re Boston Sci. Corp. Erisa Litig.,* 254 F.R.D. 24, 28 (D. Mass. 2008), citing, *O'Shea v. Littleton*, 414 U.S. 488, 493, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974).) "That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 358 (U.S. 1996) (citations omitted).

Federal jurisdiction is limited by Article III, Section 2 of the U.S. Constitution and to actual cases and controversies. Therefore, the plaintiffs standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit" *Warth v. Seldin,* 422 U.S. 490, 498 (1975). To show Article III standing, a plaintiff has the burden of proving: 1) that he or she suffered an "injury-in-fact", 2) a causal relationship between the injury and the challenged conduct, and 3) that the injury likely will be redressed by a favorable decision. *Id.*

In *Steger v. Franco*, 228 F.3d 889, 892, the issue of the prudential standing requirements in a class action was addressed in an Americans with Disabilities Act (ADA) case involving five disabled individuals sued to compel the owner of a building to make it accessible as required by the ADA. The *Steger* Court held that, despite an expert witness who testified that the structural barriers violated the ADA, four plaintiffs lacked standing because they had never entered the building, had no firsthand knowledge of whether it was accessible and had not sustained an injury-in-fact. Although the forth Plaintiff, who had visited the building, had standing to assert some claims, the court held that he could not assert claims that were unrelated to his disability of blindness because an individual's standing is limited to remedies for the wrong that he individually suffered. *Steger*, 288 F. 3d at 893 (indicating that fifth plaintiff is 'not among the

7

injured' with regard to ADA violations in the building that do not effect the blind and granting him the capacity to sue would expand standing doctrine beyond limits of established law).

Similarly, in *Moreno v. G&M Oil Co*., 88 F. Supp. 2d 1116, 1117 (C.D. Cal. 2000), the Court held that a plaintiff encountering architectural barriers at one gas station lacked standing to assert claims on behalf of others similarly situated with respect to 82 other gas stations owned by the defendant in the same state that the plaintiff had not visited. The court held that the plaintiff could not represent others at sites with similar violations where he suffered no injury. And, in *Clark v. McDonald's Corp*., a disabled patient who visited McDonald's was found to lack standing to assert ADA claims at other McDonald's restaurants that he did not visit, despite his general knowledge about discriminatory features alleged to be commonplace at all McDonald's restaurants). 213 FRD 198, 229-30 (DNJ 2003).

In this instant case the plaintiff who formerly worked at one Peter Pan facility in Chelsea, Massachusetts as a dispatcher claims that he was misclassified as a salaried exempt employee and was not properly paid overtime under the Fair Labor Standards Act and Massachusetts law. He is seeking not only damages but declaratory and injunctive relief on behalf of the putative FLSA and Rule 23 classes who include, without apparent limitation, any current or former Peter Pan employee who is or was non-exempt and not paid overtime. Unlike his individual claims, the class and collective allegations are quite sweeping and permit room for more than just an allegation of misclassification as a dispatcher in Chelsea, Massachusetts. However, the Plaintiff does not allege (and cannot establish) that he worked in a capacity other than as a dispatcher at more than just one Peter Pan location, that he sustained an injury in fact at any other Peter Pan facility or locations, that he sustained an injury in any other job classification at Peter Pan, or that he suffered damages for any other reasons than what he claims was the Defendant's failure to

8

treat him as a non-exempt employee and failing to follow proper payroll practices where he worked. The bare allegation that Peter Pan has a organizational-wide practice of failing to pay individuals who are non-exempt under the FLSA overtime, without setting forth any plausible basis for that assertion other than some undisclosed "information and belief" and "policy and practice" is not sufficient to state a claim upon which relief can be granted because such unsupported characterizations and conclusions do not change the fact the Plaintiff has not claimed an injury in any other Peter Pan location or in regards to any job classification at Peter Pan that would make him an appropriate class representative. Just like the ADA plaintiffs who encountered barriers in one building lacked standing to assert ADA violations based on the presence of identical barriers at another facility they never visited, here the Plaintiff lacks an injury in fact permitting him to claim wage and hour violations under Federal and Massachusetts law as a class representative on behalf of others based on the alleged practices at other Peter Pan facilities that he never worked in and has no knowledge about.

Further, even if this Court were to find that prudential standing exists in regards to some of the Plaintiff's claims for collective and class representation, the Plaintiff lacks prudential standing to bring claims for declaratory and injunctive relief on behalf of himself and the purported class members because he no longer works for Peter Pan Bus Lines and such relief would not redress any violation be may have suffered. See e.g., *Roth v. United States*, 952 F.2d 611, 613 (1st Cir. 1991) (noting that after plaintiff resigned from defendant's employ, she no longer had standing to enjoin her supervisor's actions "in order to protect others or vindicate the public weal").

Thus, the Plaintiff lacks standing to assert claims on behalf of the purported class members who were employees at other Peter Pan facilities or in other job classifications.

Accordingly, the FLSA and Rule 23 class definitions and allegations should be dismissed or stricken. If employees at other facilities claim they were injured because they were not paid for all hours worked in violation of the wage and hour laws and can assert a plausible basis for such claims, they may sue on their own behalf.

> **B.     Plaintiff's Purported FLSA Collective Class Definitions and All the FLSA Collective Action Allegations of the Complaint Should be Stricken or Dismissed; or, in the Alternative, Plaintiff Should be Ordered to Provide a More Definite Statement.**

The Supreme Court has noted "the statutory reference to persons "similarly situated" can very readily be understood to mean the class of persons to whom notice is owed but not given." *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc*. 517 U.S. 544, 550 (1996). The First Circuit has described the standard for class certification at the preliminary stages of an FLSA collective action to be a "fairly lenient" one, because of the minimal evidence the Court has before it. *Poreda v. Cascade*, 532 F. Supp. 2d 234, 240 (D. Mass. 2008). A plaintiff can meet this standard "by making a modest factual showing or asserting substantial allegations that "the putative class members were together the victims of a single decision, policy, or plan that violated the law." *Id.* (quoting *Thiessen v. Gen. Elec. Capital, Corp*., 267 F.3d 1095, 1102 (10th Cir. 2001).

Nevertheless, courts have addressed that despite this lenient standard:

> [u]nsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden for preliminary class certification. Generally, there must exist a 'legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency.' While the Court's 'similarly situated' inquiry is based upon a 'lenient standard,' 'general allegations that the employer violated the FLSA are insufficient', especially where [a plaintiff] provides no factual support for his assertions. 'Similarly situated' means more than employees simply having similar job responsibilities. 'Whether employees are 'similarly situated' for purposes of the FLSA is determined in reference to their 'job requirements and with regard to their pay provisions.' …In making determination regarding class

certification, Courts are mindful that 'employers should not be unduly burdened by a frivolous fishing expedition conducted by the [P]laintiffs at [] [D]efendant's expense'. Accordingly, '[w]hile the standard at the notice stage is not particularly stringent, it is by no means automatic'. *West v. Phelps Dodge Ref. Corp.,* 2009 U.S. Dist. LEXIS 51173, 28-29 (W.D. Tex. Jan. 27, 2009) (citations omitted).

In this particular case, the FLSA class definition and collective FLSA allegations should be dismissed or stricken because they are insufficient to establish a "similarly situated" class and would require the plaintiffs to be permitted to undergo a fishing expedition of Peter Pan's payroll records in an effort to define the class. Not only does the Complaint on its face make clear that the Plaintiff is not employed at the same location as all the purported class members but that the purported class by its very sweeping nature includes individuals who perform jobs that are different than the job classification of dispatcher. As explained in *Freeman v. Wal-Mart Stores, Inc.,* "In cases brought under the Fair Labor Standards Act, 29 U.S.C.S. § 201 et seq., disputes regarding the nature of an employee's duties are questions of fact. In order for a court to conclude that the plaintiff is similarly situated to the proposed class and/or that all claims have common questions of fact and are typical of one another, it is necessary to make a preliminary determination that the plaintiff's duties are generally comparable to those he seeks to represent". 256 F. Supp. 2d 941 (W.D. Ark. 2003). Not only does the class description make it impossible for the Defendants to answer the Complaint, but in a case such as this, where the nature of the FLSA claim permits the Defendants to assert that each class member has been properly classified as exempt and properly paid overtime, evidence would have to be presented with respect to each possible opt-in plaintiff[4]. Accordingly, the FLSA class definition is so vague that it and all

---

[4] We ask this Court to take judicial notice of the fact that in addition to the executive, administrative, professional and sales exemptions provided for by the Fair Labor Standards Act, that as a bus company engaged in interstate commerce, Peter Pan employs individuals who are exempt from the provisions of the FLSA by virtue of their work in safety sensitive functions under the Motor Carrier Safety Act. 29 U.S.C. §213(b)(1). In light of this, the broad class alleged by the Plaintiffs will, by its very nature, require multiple individualized inquiries.

collective allegations should be stricken or dismissed.

In the alternative, for the above reasons, pursuant to Federal Rule of Civil Procedure 12(e), the Court should order Plaintiff to provide a more definite statement regarding Plaintiff's purported collective class definitions and collective class allegations because they are so vague and ambiguous that Defendants cannot reasonably prepare a responsive pleading. *See* Fed. R. Civ. P. 12(e).

    **C.**    **The Plaintiff's Purported Rule 23 Class Definitions and All Rule 23 Class Allegations of Complaint Should be Stricken or Dismissed; or, in the Alternative, Plaintiff Should be Ordered to Provide a More Definite Statement.**

The Court should additionally strike or dismiss all of the Plaintiff's Rule 23 class definitions and all Rule class allegations because the classes asserted are imprecise, vague and ambiguous. A class action complaint under Rule 23 must set forth facts sufficient to show the requisite ascertainable class. *John v. Nat'l Sec. Fire & Cas. Co.,* 501 F.3d 443, 445 (5th Cir. La. 2007) ("the existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Fed. R. Civ. P. 23. Where it is facially apparent from the pleadings that there is no ascertain able class, a district court may dismiss the class allegation on the pleadings".). As explained in *Kent v. Sunamerica Life Ins. Co.,* before applying the two-part analysis required by Rule 23 in an effort to determine whether a class may be certified, the Court must determine whether the scope of the class that plaintiffs seek to certify is appropriate, i.e., whether it is administratively feasible. 190 F.R.D. 271, 279 (D. Mass. 2000). There, the court additionally explained:

> "without a cognizable class defined by stable and objective factors - without a demonstrable correspondence between the class definition and the requirements of proffered evidence to enable me to determine whether a particular individual belongs in the class - class certification is inappropriate because class membership is not ascertainable. This

> threshold inquiry is essential because a class must be unambiguously defined in order for a court to decide and declare who will receive notice, who will share in any recovery, and who will be bound by the judgment". I.d.

A class definition is insufficient where it requires the court "to pass on the merits of the claims at the class certification stage in order to tell who was included in the class" *Hagen*, 108 FRD at 63, 63-64 (1985), citing, *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974) (Eisen IV) and *Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475, 480 (9th Cir. 1983).

Here, Plaintiff offers confusing, vague and indefinite class definitions because he does not identify any particular job title in existence at Peter Pan other than "dispatcher" who may be part of the class and includes all "persons who were employed by Peter Pan, who were non-exempt employees within the meaning of the FLSA". This definition says nothing about the time frame the alleged class worked for Peter Pan, the types of jobs that the proposed class performed, or the nature of the alleged Peter Pan policy that resulted in the putative class members not being paid overtime. Moreover, the plain terms of this class definition would necessitate a preliminary finding that the Defendants violated the FLSA with regard to the purported class in order to determine who is included in the class. This is something that courts do not permit. *Hagen*, 108 FRD at 63-64.

In addition, the definition requires the parties to guess at the job classifications and job locations of potential class members. Not only will the purported class require the parties to make individual inquires into whether employees who are classified as non-exempt were paid overtime, but Plaintiff's definition will require the Court and the Parties to make fact intensive inquiries and legal determinations into the primary job duties of each individual Peter Pan has classified as exempt for purposes of the FLSA for an undisclosed period of time in order to determine the scope of the class.

Accordingly, this definition is so vague and ambiguous and potentially all-encompassing that it should be stricken or dismissed or, alternatively the Court should order Plaintiff to provide a more definite statement regarding Plaintiff's purported Rule 23 class definitions and Rule 23 class allegations.

**D.     It is Clear from the Pleadings that the Plaintiffs Cannot Meet the Requirements for Class Certification Under Rule 23(b)(3).**

Even if this Court were convinced that Plaintiff has set forth an ascertainable class sufficient to survive the pleading stage, the Plaintiff seeks class certification under Fed. R. Civ. P. 23(b)(3) in regard to his Massachusetts-based wage and hour claims[5]. In order to do so, the Plaintiff must prove that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). As explained below, the Complaint fails both requirements as a matter of law.

In this particular case the Plaintiff was a dispatcher at one Peter Pan facility from on or about June of 2003 to February of 2009. He alleges that he was a non-exempt employee but was paid a salary and not paid overtime for all hours worked in excess of forty from 2005 or January of 2006. He nevertheless seeks to certify a class of an unspecified number of employees, in an unspecified number of positions, at unspecified facilities, at unspecified times throughout the United States because he believes Peter Pan engaged in a practice of failing to pay non-exempt employees overtime for all hours worked in excess of forty per week. In regard to these

---

[5] In his Complaint, the Plaintiff does not specifically allege that the Rule 23 class action encompasses only Massachusetts wage and hour and common-law claims only. However, it is well-established that class-based claims alleging wage and hour violations under the FLSA must be brought exclusively through the opt-in collective structure of 29 USC Section 216 and not through Rule 23. Accordingly, the Rule 23 action must be limited to the Massachusetts claims brought by the Plaintiff.

unspecified employees throughout the United States, the Plaintiff appears to seek recovery solely under Massachusetts law.

First, the Rule 23 Class Action definition and allegations should be dismissed or stricken or, alternatively, amendment to provide a more definite statement on the grounds that many of the individuals in the alleged Rule 23 class work outside the Commonwealth of Massachusetts and are subject to the wage and hour laws of other states. They cannot, as a matter of law, recover for violations of Massachusetts wage and hour laws. To the extent that the Plaintiff is seeking to bring a Rule 23 class allegations so that he can assert additional state-law claims on behalf of other employees in the future, the Plaintiff who was a Massachusetts employee who no longer works for the Defendant lacks the standing to bring such out-of-state claims. Further, even if this case included named plaintiffs who worked or work in other states in which Peter Pan operates, class certification is not appropriate where it will require the court to apply the substantive law of multiple states. See e.g. *Venegurlekar*, 220 FRD 222, 232 (2003) (certification of class action not proper where multiple state law applies).

Mr. Landry's collective and class allegations are no more than bald assertions without any facts supporting them that Peter Pan engaged in a "policy and practice" of failing to pay non-exempt employees FLSA overtime. Even if he is able to prove that he was improperly classified as an exempt employee in the performance of his duties as a dispatcher in Chelsea, Massachusetts and that he was not paid FLSA overtime due to him as a result, Mr. Landry's evidence will not be useful in establishing the work that the other class members performed, whether the work of others was exempt or not, or whether those individuals worked in excess of 40 hours per week. Moreover, even if he is able to establish that Peter Pan failed to follow proper payroll practices in regard to Mr. Landry at the location where he worked, he has offered

no plausible basis for his contention that Peter Pan failed to follow proper payroll practices at other locations. In short, the members of [the] proposed class will need to present individual evidence that varies from member to member. Determinations of exempt status are highly individualized endeavors and depend on the specific nature of the job at hand. Mr. Landry will be unable to testify regarding the primary duties of non-dispatcher employees or about any employees outside of the Chelsea facility with whom he has never worked. Mr. Landry will not be able to testify to the payroll practices and methods of recording time at other Peter Pan locations. Quite simply, each member will be required to testify as to what his or her primary duties are for purposes of establishing whether or not they are exempt and that on particular occasions he or she worked more than forty hours per week. Because of the individualized nature of the proof involved in the class claims, it clear that class questions do not predominate and that class treatment is not superior.

### E. The Class Also Cannot Be Certified Under Rule 23(b)(2).

In addition to the reasons set forth in this Memorandum, dismissing or striking the Rule 23(b)(2) class allegations is appropriate because the class cannot be certified in this case for three independently sufficient reasons. First, a Rule 23 (b)(2) class can be certified only where "final injunctive relief or corresponding declaratory relief" is appropriate. Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) does not apply to a declaration that the defendant violated the law sought solely as a predicate for damage claims as Plaintiff attempts here. *Bolin v. Sears, Roebuck & Co., 231 F.3d 970, 978 (5th Cir. 2000)* (declaration that "serves only to facilitate the award of damages" cannot support (b)(2) certification). In this particular case, where Mr. Landry lacks standing to seek an injunction or declaratory relief on his own behalf because he no longer works for Peter Pan it is clear that the injunctive relief is sought merely as a predicate for damages claims and

12(b)(2) certification is not appropriate. Second, Plaintiffs' request for damages precludes (b)(2) certification. As indicated in *Ticor Title Ins. Co. v. Brown, 511 U.S. 117, 121 (1994)*, there is "at least a substantial possibility" that damages actions are not certifiable under (b)(2)). Third, the need for individualized determinations of back pay-that will vary in fact and amount based upon each class member's hours and pay for each week means that damages predominate in this action, so (b)(2) cannot apply. *Allison v. Citgo Petroleum Corp., 151 F.3d 402, 415 (5th Cir. 1998)* (damages predominate and preclude (b)(2) certification unless both the fact and amount of damages flow automatically to each class member based on liability to the class as a whole).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's individual claims for injunctive and declaratory relief should be dismissed or stricken and both Plaintiffs' FLSA collective action and Rule 23 class definitions and allegations should be stricken or dismissed, or alternatively required to be amended to assert a more definitive statement.

**REQUEST FOR ORAL ARGUMENT**

        The Defendants,

        PETER PAN BUS LINES, INC.

        By its attorneys

        /s/ *Layla G. Taylor*
        Richard D. Hayes, Esq. - BBO No.: 227020
        Layla G. Taylor, Esq. - BBO No.: 660736
        SULLIVAN, HAYES & QUINN
        One Monarch Place – Suite 1200
        Springfield, MA 01144-1200
        Tel. (413) 736-4538
        Fax (413) 731-8206
        E-mail: lawoffice@sullivanandhayes.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 6th day of August 2009, I electronically filed Memorandum of Law in Support of Defendants Motion to Strike or Dismiss, or in the Alternative, for a More Definite Statement Regarding Certain Allegations in the Plaintiff's Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following registered participants:

Alexander Furey, Esq.
Furey & Associates, LLC
60 State Street, 7th Floor
Boston, MA 02109
E-Mail: alex@afureylaw.com

Patrick J. Sheehan, Esq.
Whately Drake & Kallas
60 State Street, 7th Floor
Boston, MA 02109
E-Mail: psheehan@wdklaw.com

/s/ *Layla G. Taylor*
Layla G. Taylor, Esq.