UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARTHUR E. LANDRY, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>PETER PAN BUS LINES, INC.,<br><br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: C.A. No. 1:09-CV-11012-RWZ |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE OR DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT REGARDING CERTAIN ALLEGATIONS IN THE PLAINTIFF'S COMPLAINT**

Plaintiff Arthur E. Landry ("Plaintiff") through his attorneys, hereby submits his opposition to Defendant's Motion to Strike or Dismiss, or in the Alternative, for a More Definite Statement Regarding Certain Allegations in Plaintiff's Complaint (the "Motion").

## I.   INTRODUCTION

In accordance with Federal Rule of Civil Procedure 8(a), Plaintiff's Class Action Complaint (the "Complaint" or "Compl.") properly puts Defendant on notice of Plaintiff's claims that Defendant has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and Massachusetts law by failing to pay overtime compensation to Plaintiff and other similarly situated employees. Defendant's request that this Court strike or dismiss the Complaint's class allegations, or, in the alternative, order that Plaintiff provide a more definite statement of those allegations, is nothing more than an improper attempt to prematurely litigate class certification issues without the benefit of discovery. As will be shown below, numerous courts have held, in cases just like this one, that discovery should be taken before issues

pertaining to class certification are considered and that motions to strike, dismiss or for a more definite statement of class allegations prior to discovery should be denied as premature. Tellingly, Defendant fails to cite a single decision from an analogous case granting the dismissal or striking of Plaintiff's class allegations, or the refinement of those allegations at such an early stage of the litigation. Indeed, the courts routinely certify classes of employees who have been denied overtime pay based on allegations similar to those made by Plaintiff in this case. Accordingly, Defendant's Motion should be denied.

## II.   STATEMENT OF FACTS

Defendant is in the business of providing bus and coach services throughout the Northeastern United States. Compl. ¶ 8. According to its website, Defendant is the largest independent regular route company in the country, serving more than 100 communities, and operating more than 300 buses. *Id.*

Beginning in 1999, Plaintiff was employed by Coach USA, Inc. ("Coach USA") as a van driver and late as a bus dispatcher. *Id.* at ¶ 9. In June 2003, Defendant acquired Coach USA, Inc. and from that time until February 19, 2009, Plaintiff was employed by Defendant as a bus dispatcher. *Id.*

Plaintiff's work as a bus dispatcher was performed in the normal course of Defendant's business and was integrated into Defendant's business. The work performed by Plaintiff required little skill and no capital investment. *Id.* at ¶ 11. His duties did not include managerial responsibilities or the exercise of independent judgment. *Id.*

From approximately January 2006 until the termination of his employment by Defendant, Plaintiff was paid a salary. *Id.* at ¶ 12. Immediately prior to the termination of his employment by Defendant, Plaintiff's salary was $890.00 per week. *Id.* Plaintiff consistently worked well in

excess of 40 hours a week, yet Defendant willfully failed to pay him overtime compensation of one and one-half times his regular hourly rate, in violation of the FLSA and other applicable laws. *Id.* at ¶ 13.

Throughout the relevant time period, Defendant also employed other individuals like Plaintiff in positions that required little skill and no capital investment and whose duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. *Id.* at ¶ 14. They did not have the authority to hire or fire other employees, and were not responsible for making hiring and firing recommendations. *Id.* Like Plaintiff, such individuals worked in excess of forty hours a week yet Defendant willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA and other applicable laws. *Id.* at ¶ 15. Although the exact number of such individuals is presently unknown to Plaintiff and within the sole knowledge of Defendant, it can be ascertained though appropriate discovery. *Id.*

Based on these allegations, Plaintiff asserts claims pursuant to the FLSA to recover unpaid overtime wages and liquidated damages on behalf of himself and other similarly situated current and former employees of Defendant who elect to opt into this action 29 U.S.C. §§ 216(b). Compl. ¶¶ 32-41. Plaintiff further asserts claims on behalf of himself and a class of other similarly situated current and former employees of Defendant for unjust enrichment, conversion, *quantum meruit* and non-payment of wages in violation of M.G.L. c. 148 §§ 148, 150. *Id.* at ¶¶ 42-48; 51-53.

Significantly, this is not the first time that one of Defendant's companies has been the subject of a class action lawsuit for failure to pay overtime to its bus dispatchers and other employees. In this regard, Defendant's subsidiary Coach USA, which employed Plaintiff prior

3

to being acquired by Defendant, was sued for the very same unlawful practices at issue in this litigation in 2006. *See Ingram v. Coach USA, Inc.*, No. 06-3425, 2008 WL 281224 (D.N.J. Jan. 28, 2008) (conditionally certifying class under the FLSA), attached hereto as Exhibit A.

Similar to Plaintiff's Complaint in the present action, the complaint in *Ingram* alleged that Coach USA failed to pay overtime wages to its bus dispatchers and other employees and sought relief under the FLSA and the New Jersey Wage Payment Law, N.J.S.A. 34:11-56a1, *et seq. See Ingram* Complaint dated July 26, 2006, attached hereto as Exhibit B. However, unlike Defendant in the present case, Coach USA, rather than file a motion to dismiss, strike or for a more definite statement, answered the *Ingram* Complaint without delay and later amended its answer. *See Ingram* Answer dated September 2, 2006 and Amended Answer dated November 6, 2006, attached hereto as Exhibits C and D, respectively. In addition, the parties in the *Ingram* case agreed to a Joint Discovery Plan under which each side was permitted to take discovery relevant to class certification issues, including written discovery and up to 10 depositions per side, and in which the parties agreed that "it is essential to [first] conduct discovery on the issue of class certification for each of Plaintiff's claims." *See Ingram* Joint Discovery Plan dated October 24, 2006, attached hereto as Exhibit E, at 4-5. Ultimately, as discussed further below, the District of New Jersey conditionally certified the *Ingram* action under the FLSA and, shortly thereafter, the case settled. *Ingram*, 2008 WL 281224, at * 9; *Ingram* Order Dismissing Case as Settled dated April 29, 2009, attached hereto as Exhibit E. As the claims in the present action are substantially similar to those that were litigated in the *Ingram* case, both logic and the relevant legal authorities dictate that Defendant's Motion be denied and that this case should proceed in a similar fashion.

III.  ARGUMENT

    A.    **Plaintiff Has Standing To Assert Claims on Behalf of the Class He Seeks to Represent.**

Defendant argues that Plaintiff does not have prudential standing to assert claims on behalf of people employed at Peter Pan facilities where he has never worked or in jobs which he has not personally held.  Defendant's Memorandum of Law in Support of Motion To Strike Or Dismiss, Or In The Alternative, For a More Definite Statement In Regard to Certain Allegations In Plaintiff's Complaint, Doc. # 8 ("Def. Mem."), at 6-10.[1] However, this Court and others routinely certify classes of employees seeking to recover improperly withheld overtime pay pursuant to the FLSA and Massachusetts law that are not limited to the facilities where the plaintiffs worked or the positions the plaintiffs held. *See, e.g., Poreda v. Boise Cascade, L.L.C.*, 532 F. Supp. 2d 234, 240 (D. Mass. 2008) (conditionally certifying class seeking overtime pay under the FLSA comprised of "(a) the 1,360 existing employees of Defendant who are non-unionized, paid semi-monthly and are paid current ... and (b) all former employees who were paid in the same manner"); *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304, 307, 314 (D. Mass. 2004) (certifying class asserting claims to recover overtime pay under Massachusetts law pursuant to Fed. R. Civ. P. 23  consisting of "[p]ersons who were employed by Defendant as Auto Damage Appraisers in the Commonwealth of Massachusetts between February 19, 2001 and the date of entry of final judgment in this action" and including persons employed at various locations throughout Massachusetts); *Salvas v. Wal-Mart Stores, Inc.*, 452 Mass. 337, 346-47

---

[1] Although Defendant recites the Article III standing requirements, it does not, and could not, challenge Plaintiff's Article III standing. Def. Mem. at 6-7. Article III standing requires that a plaintiff demonstrate: 1) that he or she suffered an injury-in-fact, 2) a causal relationship between the injury and the challenged conduct, and 3) that the injury likely will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Plaintiff has alleged that he has suffered an injury-in-fact comprised of lost overtime pay and that his injury was caused by Defendant's failure to properly compensate its employees, including Plaintiff, for overtime worked as required by both federal and state law. Compl. ¶¶ 13, 37-38, 41, 43, 45-46, 52-53. If Plaintiff were to prevail in this litigation, an award of damages and the other relief sought would redress his injury. Thus, Plaintiff clearly has Article III standing.

(Mass. 2008) (vacating Court of Appeals order decertifying a class comprised of 67,500 current and former hourly employees who worked at 47 Wal-Mart stores throughout Massachusetts). *See also Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, 216 (D. Mass. 2001) (conditionally certifying nationwide class under FLSA comprised of all persons "employed by any defendant as a Crew Coordinator at any time between October 18, 1997 and the present who was treated as exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*"). Therefore, Defendant's assertion that Plaintiff lacks prudential standing is misplaced.

Defendant fails to cite a single decision from a wage and hour dispute to support its argument that Plaintiff does not have prudential standing to represent people employed at other Peter Pan facilities or in other positions. Instead, Defendant relies solely on decisions from cases involving putative class actions brought to challenge improper architectural barriers under the Americans with Disabilities Act ("ADA"), which are plainly inapplicable to the present dispute. *See* Def. Mem. at 7-8; *Moreno v. G&M Oil Co.*, 88 F. Supp. 2d 1116, 1117 (C.D. Cal. 2000) (holding that "the Americans with Disabilities Act's anti-barrier provisions are 'site-specific' under both jurisdiction principles and the terms of the statute" and that a plaintiff claming that inappropriate architectural barriers existed at a gas station he had visited could not make claims as to 82 other gas stations he had never visited); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 229-30 (D.N.J. 2003) (following *Moreno* and holding that a plaintiff could not bring claims for improper architectural barriers at restaurants he had never visited); *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000) (holding that blind plaintiff did not have standing to represent people with other disabilities because he was not "among the injured" with regard to ADA

violations that did not affect the blind).[2] As Defendant's standing argument is entirely predicated on these inapplicable decisions under the ADA, it should be rejected.

### B. Defendant's Motion to Strike or Dismiss Plaintiff's Class Allegations Should Be Denied.

#### 1. The Applicable Legal Standards Themselves Require That Defendant's Motion To Strike Or Dismiss Be Denied.

Defendant moves to strike Plaintiff's class allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D). Def. Mem. at 4-5. Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 23(d)(1)(D) provides that a court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly. . . ." Fed. R. Civ. P. 23 (d)(1)(D).

As even Defendant acknowledges (Def. Mem. at 4), despite the existence of these rules, motions to strike allegations are disfavored and should be granted only when it is "beyond cavil that the [party] could not prevail on them." *Honeywell Consumer Prods., Inc. v. Windmere Corp.*, 993 F. Supp. 22, 24 (D. Mass. 1998) (denying motion to strike counterclaim).[3] Defendant does not argue, nor could it, that Plaintiff cannot prevail on his class claims as a matter of law. Instead, Defendant essentially argues that Plaintiff's class allegations should be stricken so that it

---

[2] Defendant's reliance on *Steger* as supporting its argument that Plaintiff lacks standing in the instant litigation is further misplaced in that the court in *Steger* found that the plaintiff lacked Article III standing, not prudential standing. *Id.* ("granting [the plaintiff] standing to seek relief on behalf of al disabled individuals would expand the standing doctrine beyond the limits of Article III"). As noted above, Defendant does not argue, nor could it, that Plaintiff does not have Article III standing. *Steger* is therefore completely inapposite.

[3] *See also Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) ("[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted"); *California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) ("[m]otions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic"); *Rosales v. Citibank, Federal Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001) (motions to strike are "generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation"); *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike).

can avoid class discovery. *See, e.g.,* Def. Mem. at 11 (contending that plaintiffs' class allegations would require Plaintiff to "undergo a fishing expedition of Peter Pan's payroll records in an effort to define the class"). However, such arguments do not provide a proper basis for granting a motion to strike. Indeed, as discussed below, similar arguments have been consistently rejected by the courts and should be rejected again here. Thus, Defendant's motion to strike should be denied.

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "While a plaintiff's claim to relief must be supported by sufficient factual allegations to be 'plausible' under *Twombly*, nothing requires a plaintiff to prove her case in the pleadings." *Chao v. Ballista*, No. 07-cv-10934-NG, 2009 WL 1910954, *4 (D. Mass. July 1, 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plausibility, as the Supreme Court's recent elaboration in *Ashcroft v. Iqbal* makes clear, is a highly contextual enterprise—dependent on the particular claims asserted, their elements, and the overall factual picture alleged in the complaint. *Id.* (citing *Iqbal v. Ashcroft*, 129 S.Ct. 1937 (2009)). "[I]n keeping with Rule 8(a), a complaint should only be dismissed at the pleading stage where the allegations are so broad, and the alternative explanations so overwhelming, that the claims no longer appear plausible." *Id.* at *5 (citing *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008)). In the present action, as noted above, not only is it "plausible" that Defendant's failure to pay overtime to its bus dispatchers and other non-exempt employees, a collective action was recently certified against one of its subsidiaries for doing the same thing, confirming that Defendant's failure to pay overtime to Plaintiff was not an anomaly. Accordingly, Defendant' motion to dismiss, like its motion to strike, should likewise be summarily denied.

### 2. The Relevant Precedent Within the First Circuit and Elsewhere Strongly Supports the Denial of Defendant's Motions to Strike or Dismiss Plaintiff's Class Allegations As Premature.

As stated by the First Circuit in *Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972):

> To pronounce finally, prior to allowing any discovery, the nonexistence of a class or set of subclasses, when their existence may depend wholly within defendants' ken, seems precipitate and contrary to the pragmatic spirit of Rule 23. Evidence which might be forthcoming might well shed light on a final decision on this issue.

Following the First Circuit's reasoning in *Yaffe*, this Court and other courts within the First Circuit have consistently denied motions to dismiss or strike class allegations prior to the taking of discovery.

For example, in *Bessette v. Avco Fin. Servs., Inc.*, 279 B.R. 442 (D.R.I. 2002), a case brought by a Chapter 7 debtor on behalf of herself and similarly situated debtors to recover for a creditor's alleged practice of collecting pre-bankruptcy petition debts post-discharge in the absence of valid reaffirmation agreements, the District of Rhode Island denied a motion to dismiss and strike the plaintiff's class allegations predicated on an argument that the plaintiff would not be able to satisfy the class certification requirements as a matter of law. In denying the motion, the Court noted as follows:

> The present question before the Court ... is not whether the class should be certified, but whether the class allegations in the complaint should be stricken. At this stage, the burden is not on the party seeking class certification[;] rather, as the non-moving party, all reasonable inferences must be construed in [his] favor.

*Bessette*, 279 B.R. at 451. The court went on to find that the defendant's argument that the plaintiff's claim was too individualized to warrant class certification was premature, reasoning that "[a]lthough defendant may ultimately be proven correct, at the initial stages of litigation, prior to discovery, defendant cannot prevail it has a hunch or even a reasonable basis to believe that plaintiff will fail to meet Rule 23's requirements for class action." *Id.* In denying the

9

defendant's motion to strike, the court ruled that it would allow discovery to proceed on the class certification issues and then consider any motion to certify a class and objections thereto. *Id.* at 452.

In a similar case, *Barrett v. Avco Fin. Servs. Mgmt. Co.*, 292 B.R. 1, 11 (D. Mass. 2003), this Court, following the District of Rhode Island's decision in *Bessette*, also denied a motion to strike class action claims for failure to satisfy the Rule 23 requirements. In doing so, the Court reasoned that "this argument, made prior to the establishment of a discovery schedule, is premature." *Id.* Thus, motions to strike class allegations are not favored in the First Circuit.

Courts in other jurisdictions are in accord. In this regard, the Northern District of California denied a motion to strike or dismiss strikingly similar to the present Motion in *In Re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 505 F. Supp. 2d 609 (N.D. Cal. 2007). In that case, former employees of Wal-Mart brought a putative class action on behalf of themselves and other former employees alleging that Wal-Mart violated California wage and overtime laws and committed unfair business practices. *Id.* at 612-13. Wal-Mart moved to dismiss or strike the plaintiffs' class allegations and others on the basis that the subclasses the plaintiffs delineated were defined by the merits of the legal claims and that such class definitions impermissibly required the court to engage in a fact-intensive inquiry in order to determine the scope of each putative subclass. *Id.* at 614.

In considering Wal-Mart's motions, the court first surveyed the authorities relevant to motions to strike class allegations, including authorities relied upon by Defendant in this action, summarizing them as follows:

> While Wal-Mart correctly cites *Kamm v. Cal. City Development Co.*, 509 F.2d 205, 212 (9th Cir. 1975), for the proposition that class allegations may be stricken

10

> at the pleading stage, the granting of motions to dismiss class allegations before discovery has commenced is rare. Indeed, while there is little authority on this issue within the Ninth Circuit, decisions from courts in other jurisdictions have made clear that "dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because 'the shape and form of a class action evolves only through the process of discovery.'" *See Myers v. MedQuist, Inc.*, No. 05-4608, 2006 WL 3751210, *4 (D.N.J. 2006) (internal citations omitted) (declining to strike class allegations because discovery had not yet commenced and observing that most courts deny such motions if brought prior to discovery); *see also Abdallah v. Coca-Cola Co.*, No. Civ. A 1:98CV3679-RW, 1999 WL 527835 (N.D. Ga. 1999) (dismissal of class allegations prior to discovery premature); *see also* 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure Civil* § 1785.3 (3d 2005) (the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery). While Wal-Mart cites *Palmer v. Combined Ins. Co. of America*, No. 02 C 1764, 2003 WL 466065, *2 (N.D. Ill. 2003), for the proposition that it is sometimes possible to determine from the pleadings alone that the class requirements cannot possibly be met and in such cases striking class allegations before commencing discovery is appropriate, the court in *Palmer* declined to dismiss the class allegations because there were insufficient indicia in the pleadings for the court to determine whether the class allegations were appropriate.

*Id.* at 615.

Against this backdrop, the court denied Wal-Mart's motions to dismiss or strike the plaintiffs' class allegations as premature, even though it found that the challenged class definitions to be suspect, reasoning as follows:

> Wal-Mart has not answered in this case, discovery has not yet commenced, and no motion for class certification has been filed. In the absence of any discovery or arguments specific to class certification, the Court is not prepared to rule on the propriety of the class allegations and explicitly reserves such a ruling. While plaintiffs' class definitions are suspicious and may in fact be improper, plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery of, for example, the electronic employment lists that they claim will identify the class members. Accordingly, Wal-Mart's motions to dismiss or strike the class allegations are premature and are denied, but without prejudice as to Wal-Mart's ability to move to strike or dismiss the class allegations if and when class certification is sought.

*Id.* at 615-16.[4] As Defendant's motion to strike or dismiss in the present action is substantially similar to the motions denied in *In Re Wal-Mart*, it too should be denied.[5]

### 3. The Authorities Defendants Cites In Support of Its Motion to Dismiss or Strike Are Unavailing.

The decisions upon which Defendant relies for its contention that "[n]umerous courts have held that class allegations may be stricken at the pleading stage" either do not support this proposition or are readily distinguishable from the case at bar. *See* Def. Mem. at 4-5. In this regard, Defendant contends that the United States Supreme Court held, in *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982), that "a court may strike or dismiss Rule 23 claims if 'the issues are plain enough from the pleadings to determine whether the interest of the absent parties are fairly encompassed within the named plaintiff's claims' or that a plaintiff cannot satisfy Rule 23 of the Federal Rules of Civil Procedure." Def. Mem. at 4-5 (quoting *Falcon*, 457 U.S. at 160). However, Defendant grossly mischaracterizes the holding of this decision, which stands only for the proposition that class allegations can be stricken when it can be determined from the pleadings alone that the Rule 23 requirements cannot possibly be met. *Falcon*, 457 U.S. at 160. As Defendant in the present action does not argue that it is clear from Plaintiff's class allegations that Plaintiff cannot meet the requirements of Rule 23, its reliance on *Falcon* is misplaced. Moreover, the *Falcon* decision dealt with only a motion for class certification, said absolutely nothing regarding motions to strike or dismiss class allegations, and

---

[4] Although the court in *In Re Wal-Mart* did grant Wal-Mart's motion to strike claims for punitive damages on the basis that punitive damages were not available for the violations alleged (*id.* at 620), that holding has no relevance to the present case, in which there is no question regarding whether Plaintiff is entitled to seek damages for the alleged failure to pay overtime.

[5] *See also Velazquez v. HSBC Finance Corp.*, No. 08-4592 SC, 2009 WL 112919, *1 (N.D. Cal. Jan. 16, 2009) (denying motion to strike class allegations prior to discovery in case alleging, among other things, failure to pay overtime in violation of the FLSA and California law); *Hibbs-Rines v. Seagate Tech., LLC*, No. 08-05430 SI, 2009 WL 513496 (N.D. Cal. Mar. 2, 2009) (denying motion to strike class allegations in case alleging violation of the FLSA and California law prior to discovery and deferring issues pertaining to the propriety of the class allegations until the class certification stage of the litigation).

explicitly recognized that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Id.* Accordingly, the decision in *Falcon* does not help Defendant but rather confirms that Plaintiff should be permitted to take discovery relevant to class certification before the Court determines whether or not a class may be certified.

Defendants' reliance on *Kamm v. California City Development Co.*, 509 F.2d 205, (9th Cir. 1975) is similarly misplaced. In *Kamm*, a case brought by plaintiffs seeking to recover for an alleged land fraud scheme on a class-wide basis, the Ninth Circuit upheld the district court's order dismissing the class action and striking the class allegations on the basis that a class action was not superior to other available methods for the fair and efficient adjudication of the controversy in light of proceedings previously brought by the California Attorney General and Real Estate Commissioner which challenged the same conduct and provided relief, including restitution, to many members of the class. *Id.* at 212. As no other action provides a superior means of resolving the present litigation, *Kamm* has no application here. Significantly, the Court in *Kamm*, citing the First Circuit's decision in *Yaffe*, 454 F.2d at 1362, noted that "[t]he propriety of a class action cannot be determined in some cases without discovery, as for example where discovery is necessary to determine the existence of a class or set of subclasses." *Id.* at 210. As this is such a case, the decision in *Kamm* also supports the denial of Defendant's Motion, as the discovery process has not yet commenced.

*Palmer v. Combined Insurance Co. of America*, No. 02-1764, 2003 WL 466065 (N.D.Ill. Feb. 24, 2003), also supports the denial of Defendant's Motion. In *Palmer*, the defendant argued that the class allegations of the plaintiff's complaint should be stricken because, on their face, they did not meet the commonality, typicality and adequacy requirements of Fed. R. Civ. P.

23(a). *Id.* at *2. Although the court acknowledged that it is sometimes possible to determine from the pleadings that these requirements cannot be satisfied, it denied the defendant's motion to strike on the basis that it could not determine whether or not the Rule 23(a) requirements were met without the benefit of discovery. *Id.* at *2-3 (declining to find a lack of commonality or adequacy under Rule 23 without considering "evidence").[6] Accordingly, *Palmer*, like Defendant's other authorities, supports the denial of Defendant's Motion.

Defendant's other authorities on this point are clearly distinguishable from the instant action. In *Bennett v. Nucor Corp.*, No. 04-00291, 2005 WL 1773948 (E.D. Ark. Jul. 6, 2005), the court struck class allegations from an employment discrimination complaint. However, the *Bennett* decision was based on a finding that the plaintiff was not a member of the entire class he sought to represent as he had never worked for the defendant company and had not suffered the same injuries as putative class members seeking relief for on-the-job discrimination, as well as a finding that he would have been an inadequate representative of a subclass of rejected applicants because he faced unique defenses, was pursuing an individual failure-to-hire claim separately from the class case, and had filed class claims in his other case but had abandoned them, indicating that he would not vigorously pursue the interests of a class. *Id.* at *3-4. None of these circumstances is present in this case.

*Miller v. Motorola*, 76 F.R.D. 516, 517-518 (N.D. Ill. 1977), another employment discrimination case, involved the dismissal of class allegations for lack of numerosity under Rule 23(a)(1) where it was established - by "undisputed facts" set forth in an affidavit- that the putative class was comprised of only 20 members. In this case, although the precise number of class members is known only to Defendant at this time, Plaintiff has alleged a class comprised of

---

[6] Defendant actually cites, incorrectly, to a later decision in the same action, *Palmer v. Combined Ins. Co. of America*, 217 F.R.D. 430 (N.D. Ill. Aug 29, 2003). *See* Def. Mem. at 4. Ironically, in that decision, the court certified the proposed class.

"hundreds" of individuals (Compl. ¶¶ 19, 26) and Defendant does not challenge Plaintiff's class allegations on the basis of numerosity. Accordingly, *Miller* is wholly inapposite.[7]

### C. Defendant's Motion for a More Definite Statement Should Also Be Denied.

Pursuant to Federal Rule of Civil Procedure Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." However, as noted recently by the Northern District of California in *Velazquez*, 2009 WL 112919 at *1:

> Rule 12(e) motions are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules. *Sagan v. Apple Computer, Inc.*, 874 F.Supp. 1072, 1077 (C.D. Cal. 1994). A Rule 12(e) motion is not a substitute for discovery; such a motion attacks unintelligibility in a pleading, not mere lack of detail. *Wood v. Apodaca*, 375 F.Supp.2d 942, 949 (N.D.Cal. 2005)). If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied. *Beery v. Hitachi Home Elecs. (America), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

The *Velasquez* decision is instructive. In that case, the plaintiffs, like Plaintiff in this case, alleged that the defendant had failed to pay overtime compensation in violation of the FLSA and state law. *Velasquez*, 2009 WL 112919, at *1. The defendants moved to strike and for a more definite statement regarding the plaintiffs' claims for overtime pay. Like Defendant in the present action, the defendants in *Velazquez* relied on the United States Supreme Court's decision in *Twombly* in arguing that the plaintiffs were required to provide the grounds for their

---

[7] Defendant also relies upon *John v. National Security Fire and Casualty*, 501 F.3d 443 (5th Cir. 2007) for the proposition that class allegations may be stricken at the pleading stage. Def. Mem. at 12. However, the plaintiffs in *John* abandoned their proposed class definition, thus conceding that the definition was inadequate. *Id.* at 445. Plaintiff has made no such concession in the present case. As such, Defendants' reliance upon *John* is misplaced. The other authorities Defendants cite involved decisions on motions for class certification and were made only after the consideration of evidence. *See, e.g., Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941 (W.D. Ark. 2003) (finding that the plaintiff failed to present "sufficient evidence" that members of the proposed class are similarly situated in case alleging that Wal-Mart employees were misclassified as exempt from overtime pay under the FLSA); *West v. Phelps Dodge Ref. Corp.*, No. 07- 197, 2009 U.S. Dist. LEXIS 51173 *32-33 (Jan. 27, 2009) (finding evidence that class members were similarly situated insufficient in case alleging failure to pay compensation for time spent donning and doffing safety gear and working on meal breaks). As such, those decisions do not support granting the present Motion, which challenges only the allegations of Plaintiff's Complaint.

15

entitlement to relief and had not because they had not specified whether they were not paid overtime because they were misclassified or because they worked off the clock. *Velasquez*, 2009 WL 112919, at *2. However, noting that "*Twombly* did not alter Rule 8(a)'s requirement of a short and plain statement that gives the 'defendant fair notice of what… the claim is and the grounds upon which it rests,'" the court roundly rejected this argument and held as follows:

> Defendants' real concern is not unintelligibility, but rather a lack of detail in the Amended Complaint. To the extent that Defendants want more detailed information about how the alleged failure to pay overtime compensation occurred, Defendants can obtain this information by taking deposition testimony. A Rule 12(e) motion should not be used as a substitute for discovery. *Wood*, 375 F. Supp. 2d at 949. The Court DENIES Defendant's motion for a more definite statement.

*Id.* at *3 (emphasis in original).

The Northern District of California's decision in *Hibbs-Rines*, 2009 WL 513496, is also on point. In that case, the plaintiff filed a class action and collective action alleging numerous wage violations under federal and state law. The defendants filed a motion to strike, and for a more definite statement of, class allegations based on arguments that the plaintiff had failed to identify any job titles that existed at the employer and that proposed class definitions required the court to make fact-intensive and legal determinations into the job duties of each individual to determine the scope of the class. The court, noting that "a motion for a more definite statement is used to attack unintelligibility, not mere lack of detail" and that "[p]arties are expected to use discovery, not the pleadings, to learn the specifics of the claim asserted," denied the motion because "the information defendants seek is available through the discovery process [and that] defendants are more likely to be in possession of employment records and other data relevant to these claims." *Id.* at *3 (internal citations and quotations omitted).

This Court denied a similar motion for a more definite statement in *Walling v. Bay State Dredging & Contracting Co.*, 3 F.R.D. 241 (D. Mass. 1942). In *Walling*, the Administrator of the Wage and Hour Division of the United States Department of Labor sued to enjoin the defendant from violating the overtime provisions of the FLSA. *Id.* at 241. The complaint alleged that the defendant failed to compensate "many" of its employees for overtime in violation of the FLSA. *Id.* The defendants moved pursuant to Rule 12(e) for an order requiring a more definite statement as to what employees were employed by the defendant for work weeks longer than those prescribed by law at rates less than one and one-half times the regular rate at which they were employed and that the plaintiff make a more definite statement as to the exact occupations of those employees, because the defendant believed that the employees were exempt from the overtime provisions of the FLSA. *Id.* Observing that "[a] motion to make a complaint more definite ... is not ordinarily granted as to matters that are or should be more peculiarly within the knowledge of the moving party than that of his adversary," the Court found that the information sought by the defendant's request was peculiarly within the knowledge of the defendant. *Id. at 242.* The Court then held that the complaint complied with Rule 8(a), that "the information sought [by the Defendant] was not necessary to enable him to prepare a responsive pleading," and that "[t]he information can properly be elicited by proceeding under Rule 16 (pre-trial conference) or by resorting to Rules 26-37 (depositions, interrogatories, discovery)." *Id. at 242.*

Like the defendants in *Velazquez, Hibbs-Rines and Walling*, Defendant in this action, despite its protestations, cannot reasonably argue that Plaintiff's Complaint is unintelligible or that it cannot reasonably prepare a responsive pleading. Indeed, as noted

above, Defendant's subsidiary Coach USA answered a similar complaint not long ago. *See* Exs. C and D. To the extent that Defendant seeks further details about the scope of the class Plaintiff seeks to represent or the job titles of class members, it should seek them by reviewing its own records or through discovery.[8]

## IV.  CONCLUSION

For all the foregoing reasons, Defendant's Motion should be denied.

Dated: August 20, 2009

                                                 Respectfully submitted,
Arthur E. Landry,
By his attorneys,

/s/ Patrick J. Sheehan
Patrick J. Sheehan (BBO # 639320)
WHATLEY DRAKE & KALLAS, LLC
60 State Street, 7th Floor
Boston, MA 02109
Tel: (617) 573-5118
psheehan@wdklaw.com

Alexander Furey (BBO # 634157)
FUREY & ASSOCIATES, LLC
60 State Street, 7th Floor
Boston, MA 02109
Tel: (617) 573-5114
alex@afureylaw.com

---

[8] Defendant, relying on *Venguerlekar v. Silverline Technologies, Ltd.*, 220 F.R.D. 222, 232 (S.D.N.Y. 2003), argues that to the extent that the Complaint alleges state-law claims on behalf of a class including out-of-state employees, class certification would be inappropriate, as such a class would require the Court to apply the laws of multiple states. Def. Mem. at 15. However, *Venguerlekar* merely held that the New Jersey wage and hour statute could not be uniformly applied to the multi-state class sought in that case. 220 F.R.D. at 232. Courts routinely certify multi-state classes in cases far more complex than this one. *See, e.g., In re Pharm. Indus. Average Wholesale Price Litig.*, 252 F.R.D. 83 (D. Mass. 2008) (certifying classes under unfair and deceptive trade practice statutes of numerous states in case brought by consumers and third-party payors against pharmaceutical companies for fraudulently inflating drug prices). Accordingly, Defendant's argument in this regard, like its other arguments, misses the mark.

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document through the CM/ECF system, which will send the document electronically to the registered participants as identified on the Notice of Electronic Filing on August 20, 2009.

/s/ Patrick J. Sheehan
Patrick J. Sheehan