# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# (EASTERN DIVISION)

| | | |
|---|---|---|
| ARTHUR E. LANDRY, individually and on behalf of all other persons similarly situated, | ) ) ) | CIVIL NO. 1:09-CV-11012-RWZ |
| PLAINTIFFS, | ) ) ) | |
| v. | ) ) | |
| PETER PAN BUS LINES, INC., | ) ) | |
| DEFENDANT. | ) | Date: September 10, 2009 |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE OR DISMISS, OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT REGARDING CERTAIN ALLEGATIONS IN THE PLAINTIFF'S COMPLAINT**

Now comes the Defendant and, by and through its attorneys, submits this Reply to the Plaintiff's Opposition to the Defendant's Motion to Strike or Dismiss, or in the Alternative for a More Definite Statement. As set forth in specific detail below, the Defendant responds that the Plaintiff's claim that Coach USA is a subsidiary of the Defendant and that, therefore, the Defendant's Motion should be denied because the Defendant has already litigated a case similar to the one at hand are untrue and without merit. Further, the Defendant responds that, contrary to the Plaintiff's assertions, relevant case law does not support the type of broad class allegations brought in the instant case[1].

---

[1] This reply brief is limited to addressing the narrow issues regarding the corporate structure of Peter Pan and focusing the Court's attention on its Motion to Dismiss in light of recent Supreme Court Rulings regarding Rule 8 pleading standards. To the extent that other arguments are raised in the Opposition, the Defendant maintains that those issues were briefed sufficiently in the Defendant's Memorandum of Law in Support of its Motion for Summary Judgment and rely on the same authority.

I. **Plaintiff's Claim that Peter Pan's Subsidiary has Already Litigated a Case Similar to this Are False.**

The Plaintiff's Opposition brief spends a considerable amount of time arguing that a subsidiary of the Defendant Peter Pan Bus Lines named Coach USA was sued in the District of New Jersey in 2006 for essentially the same type of conduct at issue in this case. The Plaintiff claims that in that case Coach USA did not bring a dispositive motion as the Defendant has done here, but simply agreed to a joint management statement with opposing counsel and proceeded to discovery after filing its answer. The Plaintiff argues that since Peter Pan's subsidiary litigated a case in 2006 in this manner, that Peter Pan's objection to a substantially similar Complaint now is just a delaying tactic.

**The Plaintiff's factual allegations in this regard are false**. To be sure, it appears that Coach USA and its subsidiary Orange, Newark, Elizabeth Bus, Inc. were sued for violations of Federal and New Jersey state wage and hour laws in 2006. It also appears to be the case that the Plaintiff relied very heavily on the underlying complaint filed in that case entitled *Ingram v. Coach, USA,* Civil Action No. 06-3425, 2008 WL 281224 (DNJ) when it drafted the Complaint in the instant matter, as the Complaint in this matter looks as though it was modeled on the Complaint in *Ingram*. However, it is false that Peter Pan was ever involved in the *Ingram* case. In fact, **Peter Pan Bus Lines, Inc. is not and has never been affiliated with Coach USA or any of the entites identified in the *Ingram* case, nor has it been a parent, owner, brother, sister, subsidiary, or otherwise affiliated or related entity of Coach USA or any of the entites identified in the *Ingram* case**. *See* Affidavit of Brian Stefano, Exhibit A.

Quite simply, in this particular case, Peter Pan is not in the position to know why Coach USA did not file a dispositive motion prior to filing its Answer in *Ingram* as it has no affiliation

with Coach USA. Coach USA may have taken the course it did because of the underlying facts in that case, the costs associated with drafting such a filing, because the filing predated the current pleading standards in the Federal Courts as set forth in Supreme Court case law that was issued after that case was filed. Whatever the case, it is not within Peter Pan's purview to speculate and there is no legal basis for denying Peter Pan's motion simply because another entity chose to take a different route in litigation than Peter Pan chooses to take now.

II.  **Contrary to the Plaintiff's Assertions, the Federal Pleading Standards do not Support the Plaintiff's Class Allegations.**

Plaintiff's Opposition brief argues that the Defendant's Motion should be denied because the numerous cases cited by the Plaintiff are distinguishable from the case at hand and because numerous courts have denied Motions such as this one where the Plaintiff has alleged similarly broad class allegations. However, as discussed below the Plaintiff's arguments are incorrect.

To begin, the Plaintiff's rely on *Poreda v. Boise Cascade*, LLC, 532 F. Supp. 2d, 240 (D. Mass. 2008), *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304, 307, 314 (D. Mass. 2004), *Salvas v. Walmart Stores, Inc.,* 452 Mass. 337, 346-47 (Mass 2008) and *Kane v. Gage Merch. Servs.,* Inc., 138 F. Supp. 2d 212, 216 (D. Mass. 2001) for the proposition that "this Court and others routinely certify classes of employees seeking to recover improperly withheld overtime pay pursuant to the FLSA and Massachusetts law that are not limited to the facilities where the plaintiffs worked or the positions the plaintiffs held" (Plaintiff's Opp. At p. 5). However, these cases do not support the Plaintiff's contention. In fact, in all of these cases the class definitions contained some limitations on what type of workers the class referred to, where the Plaintiffs worked or the type of practice that the Plaintiffs alleged was violated as to the class of employees. For example, in *Poreda v. Boise Cascade*, LLC the Plaintiff alleged that the

employer failed to properly pay him and 1,360 non-unionized employees who are paid on a semi-monthly basis overtime <u>when it allegedly engaged in a specific practice of waiting over a month to compensate the employees for overtime hours worked</u>.  *Poreda,* 532 F. Supp. 2d at 238 (D. Mass. 2008).  In *McLaughlin v. Liberty Mut. Ins. Co.*, the class definition was specifically limited to <u>Auto Damage Appraisers</u> who <u>worked in the Commonwealth of Massachusetts.</u> 224 F.R.D. at 307, 314 (D. Mass. 2004).  In *Salvas v. Walmart Stores, Inc.* the Plaintiffs alleged that Wal-Mart violated wage and hour laws by engaging in a <u>specific practice</u> of wrongfully withholding compensation for time worked and denied or cut short rest and meal breaks to which all the alleged class members were entitled.  452 Mass. at 346-47 (Mass 2008).  And, in *Kane v. Gage Merch. Servs.,* the class was clearly limited to <u>Crew Coordinators who worked between October 18, 1997 and the present and who were treated as exempt</u> from the FLSA.  138 F. Supp. 2d 212, 216 (D. Mass. 2001) (emphasis added).  Unlike all of these cases cited, the Plaintiff has not alleged any specific practice that he believes is practiced company-wide that led to the alleged violation of FLSA nor has he identified any group of individuals to whom he believes this unidentified practice was applied.  Rather, he alleges that Peter Pan violated Federal and Massachusetts state law with respect to certain unidentifiable employees throughout the United States who he believes were not paid in accordance with federal and state laws.  As set forth in its Motion and accompanying brief, the Defendant believes that this is not enough to state a Rule 23 class action and FLSA collective action.

The Plaintiff also alleges that the cases relied on by the Defendant to support its Motion to Strike or Dismiss are not persuasive as they are not analogous to the case at hand.  Even if this were the case, which it is not, the fact is that since the decisions in *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009) were handed

down in 2007 and 2009, the legal landscape in regard to what is necessary to get through the courthouse gate has changed dramatically. And, although the Ninth Circuit in the case *Velasquez v. Household Finance Corp.,* 2009 WL 112919 (N.D. Cal. 2009), which was cited by the Plaintiff, may have denied the Defendant's Motion to Strike Class Allegations and Class Definitions even after the *Twombly* decision was issued, neither this Circuit nor the majority of Circuits have ruled on this issue to date and the Defendant urges this Court to rule otherwise.[2]

In *Bell Altantic v. Twombly*, 127 S. Ct. 1955 (2007), the Supreme Court held that "a plaintiff's obligation to provide the grounds to his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations omitted; emphasis added). Conclusions, even those supported by factual allegations, fail to state a claim where the conduct alleged could just as easily have an innocent explanation. *Id*. at 1966. Moreover, *Twombly* made clear that discovery is improper where it will be required for the purpose of trying to create a case rather than finding out the "details" of the case. *Twombly*, 127 S. Ct. at 1967, n. 6 (2007).

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009), the Supreme Court affirmed its holding in Twombly and further stated that in a Motion to Dismiss "the Court must identify and reject legal conclusions unsupported by factual allegations because such conclusions are "not entitled to the assumption of truth." Well pleaded fact that "do not permit the court to infer more than a *mere possibility* of misconduct" are insufficient to show that the Plaintiff is entitled to some relief. [emphasis added] *Id.*

---

[2] It is worth noting that, unlike the case at bar, in *Velasquez* the Plaintiffs' class allegations included class definitions that at least identified what jobs the alleged class members where actually employed to perform. In this particular case, not only does the Plaintiff fail to identify any facts that resulted in the alleged harm to the class members but he fails to identify the employees whom he believes are similarly situated. In other words, the Plaintiff in this matter has not even begun to formulate his class allegations but needs discovery to do so.

In addition, in cases both predating and following *Twombly* and *Iqbal*, courts have made clear that class definitions that are not *"precise, objective and presently ascertainable"* should result in dismissal when it is necessary for the court to reach a legal determination to identify class members. *See., e.g., Brazil v. Dell, Inc,.* 2008 WL 2693629 7-8 (N.D. Cal July. 7, 2008) (emphasis added) (striking class allegations where court had to determine whether the defendant engaged in illegal conduct before the alleged class members could be ascertained); *Dodd-Owens v. Kyphon, Inc.,* 2007 WL 420191 (N.D. Cal. Feb. 5, 2007) (striking fail-safe class definition that required a determination of whether class members had experienced gender discrimination), *see also Eisen v. Carlisle & Jaquelin*, 417 US 156, 177 (1974) (rejecting a procedure that "gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action").

In this particular case, the Plaintiff's class allegations are improper and do not meet the requirements of *Twombly* and *Iqbal*, precisely because they are based on improper "fail-safe" or "liability-based" class definitions that rely on legal conclusions rather than any plausible factual basis. The Plaintiff simply defined the classes as all those who worked for the Defendant regardless of job title and/or location that were harmed because the Defendant violated wage and hour laws. He does not provide even a general description of the types of duties that these individuals performed. He does not provide any allegations about how these alleged class members were wronged, apart from broad statements that they were wronged because he believes the Defendant violated the FLSA and state wage and hour laws. The Plaintiff fails to include any plausible allegation that the class members were subject to the same or similar conduct as him in order to support his claim that the FLSA collective class and Rule 23 class members' claims are appropriate for class resolution. Because no facts are alleged that show

why the proposed class members are entitled to relief other than allegations that the Defendants violated Federal and Massachusetts state labor law, <u>membership in the class turns on whether the member is entitled to recover</u>.  For this reason alone, the classes the Plaintiff proposes are not presently ascertainable as a matter of law and the class allegations must fail.

**III.    Conclusion**

For the foregoing reasons, Plaintiff's FLSA collective action and Rule 23 class definitions and allegations should be stricken or dismissed, or alternatively, required to be amended to assert a more definitive statement.

The Defendants,

PETER PAN BUS LINES, INC.

By its attorneys

/s/ *Layla G. Taylor*
Richard D. Hayes, Esq. - BBO No.: 227020
Layla G. Taylor, Esq. - BBO No.: 660736
SULLIVAN, HAYES & QUINN
One Monarch Place – Suite 1200
Springfield, MA 01144-1200
Tel. (413) 736-4538
Fax (413) 731-8206
E-mail:  lawoffice@sullivanandhayes.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 10th day of September 2009, I electronically served Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Strike or Dismiss, or in the Alternative, for a More Definite Statement Regarding Certain Allegations to the Plaintiff's counsels at the e-mail addresses listed below.  At such time as the Court grants Leave to File this Reply Brief, Defendant will file said Reply Brief electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following registered participants:

Alexander Furey, Esq.
Furey & Associates, LLC
60 State Street, 7th Floor
Boston, MA 02109
E-Mail:  alex@afureylaw.com

Patrick J. Sheehan, Esq.
Whately Drake & Kallas
60 State Street, 7th Floor
Boston, MA 02109
E-Mail:  psheehan@wdklaw.com

/s/ *Layla G. Taylor*
Layla G. Taylor, Esq.