UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11012-RWZ

ARTHUR E. LANDRY,
individually and on behalf of all other persons similarly situated

v.

PETER PAN BUS LINES, INC.

ORDER

November 20, 2009

ZOBEL, D.J.

## I.     Background

Plaintiff Arthur Landry ("Landry") is a former employee of defendant Peter Pan Bus Lines, a bus service operating primarily in the Northeastern United States. He worked as a bus dispatcher for an unidentified company which was purchased by defendant in 2003, and he continued to work in the same capacity for defendant until 2009. He alleges that he worked in excess of 40 hours per week but was not paid overtime, and that defendant failed to maintain time records and post notice of wage rights, all in violation of federal law.

Landry filed this action on behalf of himself and a class of current and former employees of defendant for violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and several claims derivative of the FLSA violation, including violations of Massachusetts common law (unjust enrichment, conversion, quantum meruit) and Mass. Gen. Laws. ch. 149, §§ 148 and 150.

Defendant now moves under Fed. R. Civ. P. 12(b)(6) to dismiss the class and FLSA collective-action claims, as well as plaintiff's individual claims for injunctive relief for lack of standing.[1]

## II. Motion to Dismiss the Class and Collective Action Claims

When considering a motion to dismiss, this court must take as true the well-pleaded facts as they appear in the complaint and give the plaintiff the benefit of every reasonable inference in his favor. Vernet v. Serrano-Torres, 566 F.3d 254, 258 (1st Cir. 2009). "[W]hile a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To establish a violation of the FLSA for failure to pay overtime, plaintiff must prove that defendant was his employer, he worked more than 40 hours per week, and he did not receive the legally required compensation for his overtime. See 29 U.S.C. § 207(a).

While the complaint adequately pleads plaintiff's individual claims, which defendant does not challenge, it does not set forth factual allegations creating a "plausible" entitlement to relief for anyone other than himself. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Landry alleges that an unspecified number of individuals,

---

[1]Defendant also moves, in the alternative, for the court to strike the class and collective action allegations or to order plaintiff to provide a more definite statement. In light of this court's ruling, the alternative motions are moot.

working in unspecified jobs, at unspecified places, were compensated according to an unspecified policy or practice, resulting in an underpayment of wages in violation of the FLSA.  For example, ¶¶ 14-15 of the complaint (Docket # 1) make generic factual allegations which target the administrative and professional exemption and state the bare legal elements of an FLSA claim.  The collective action allegations, ¶¶ 18-23, and the class action allegations, ¶¶ 24-31, parrot the requirements of Fed. R. Civ. P. 23 and add no factual color to the complaint.  In sum, he alleges only the legal conclusion, that employees were not paid overtime duly owed, and legal conclusions are not entitled to an assumption of truth.[2]  Iqbal, 129 S.Ct. at 1950.

Accordingly, plaintiff has failed to state a claim on behalf of anyone other than himself for violation of the FLSA, and defendant's motion to dismiss the class and collective allegations is allowed.

### III. Claims for Injunctive Relief

Landry also seeks injunctive relief.  However, he is a former employee and, as such, lacks standing to seek this relief.  See, e.g. Walsh v. Dep't of Human Res., 471 F.3d 1033, 1036-37 (9th Cir. 2006); Roth v. United States, 952 F.2d 611, 613 n.2 (1st Cir. 1991).

### IV. Conclusion

Defendant's Motion to Dismiss is ALLOWED, and defendant's alternative motions to Strike or For a More Definite Statement (All Docket # 8) are DENIED AS

---

[2]Landry's allegations in respect to the failure to keep records and post FLSA notice are also mere legal conclusions, bereft of factual support.  (See Complaint ¶¶ 16-17.)

MOOT.  Defendant's Motion to Stay Discovery on Class and Collective Action Allegations (Docket # 15) is DENIED AS MOOT.

|    November 20, 2009    |    /s/Rya W. Zobel    |
|:---:|:---:|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |